**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ADALBERTO CASTRO-DIAZ, ET AL.,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **NO. 11-00181** |
| **KEVIN KOVALOVSKY, ET AL.,** | : | |
| **Defendants.** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                           **August 1, 2012**

This is a §1983 action filed by Plaintiffs against Officer Kovalovsky of the Freemansburg Police as well as the Police Department.  Defendants filed a Motion for Summary Judgment, to which the Plaintiffs failed to respond in a timely fashion. Nonetheless, on April 25, 2012, I issued an Order[1] directing a response within twenty-one (21) days.[2]  (Doc. No. 32).  Despite the additional time, Plaintiffs have not filed a response to the motion.[3]

Federal Rule of Civil Procedure 56(e)(2) allows me to consider the Defendants' statement of uncontested facts undisputed because the Plaintiff failed to properly address

---

[1] The text of the Order states:

> in light of the fact that this Court's January 11, 2012 Order (Document #29) mailed to the plaintiffs was returned as undeliverable, and in light of the defendants' Motion for Summary Judgment (Document #30) filed in the above matter on March 13, 2012, it is hereby ORDERED that the plaintiffs shall have twenty-one (21) days from the date of this Order to respond to said Motion.  Failure to respond will result in the motion being decided solely on the papers.

[2] I do not play fast and loose with deadlines in my Court.  Normally, I am not inclined to allow a party who fails to file a response to a motion for summary judgment additional time when the party does not request an extension of time from the Court.  However, in this case, the plaintiff is *pro se*.  See Doc. Nos. 24, 25 and 26 (granting plaintiff's attorneys' request to withdraw as counsel).

[3] The Plaintiffs have not obtained an attorney, made any filings or epistolary contact with the court, and have not responded to the motion for summary judgment.  Documents sent to the last known residence of the Plaintiffs' have been returned as undeliverable.

the Defendants' assertions of fact as required by Rule 56(c).  Nevertheless, I carefully examined the record in this case, including the exhibits attached to the Defendants' motion for summary judgment.  For the reasons set forth below, I will grant the defendant's uncontested motion for summary judgment in its entirety.

## I.    Background

Plaintiffs, Adalberto Castro-Diaz, Amparo Hernandez, and minor Nebreylka Castro, filed a Writ of Summons in this matter on June 25, 2010 in the Court of Common Pleas of Northampton County.  (Doc. No. 31 at ¶ 1).[4]  Thereafter, they filed a Complaint in the Court of Common Pleas of Northampton County on January 4, 2011.[5]  (Doc. No. 31 at ¶ 2).  The Complaint alleges that on or about July 25, 2008, Officer Kovalovsky was on duty and operating a patrol car in the Borough of Freemansburg.  (Complaint at ¶ 5).  Plaintiffs claim they were in a Nissan pickup truck when Officer Kovalovsky ran into the side of the vehicle running it off the road and forcibly removed Plaintiff at gun point.[6]  (Id. at ¶¶ 6-8; Exhibit "F" at ¶ 14, 17-18).[7]  Castro-Diaz then claims he was handcuffed and forced to sit in the back of the police car until Gertudis Espinosa arrived on the scene

[4] Defendants' Statement of Material Undisputed Fact in Support of their Motion for Summary Judgment.

[5] Because Plaintiffs have failed to file any additional documents other than the Complaint, and they have not responded to the Defendants' Motion for Summary Judgment, I will use the allegations in the Complaint to consider Plaintiffs' position juxtaposed to the discovered evidence presented by Defendants.  Rule 56(e)(2), concerning the requirements for opposing a motion for summary judgment, provides that Plaintiffs, as the non-moving party, "may not rely merely on allegations or denials in [their] own pleading; rather, [their] response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."  Fed. R. Civ. Pro. 56(e)(2).

[6] In Plaintiff Amparo Hernandez's deposition, she claims that the police car caused damage to the left hand side of the car.  (Exhibit "G" at ¶ 14), while Mr. Castro Diaz claimed the damage occurred to the right side of the truck.  (Exhibit "F" at ¶ 17).

[7] "F" - deposition of Plaintiff, Mr. Castro-Diaz.

and pleaded with the Officer to release Mr. Castro-Diaz.[8]  (Id. at ¶¶ 9-11).  Castro-Diaz

claims that after he was released, Officer Kovalovsky arranged for his vehicle to be

towed and issued a citation to Plaintiff to cover up the officer's illegal activities.  (Id. at ¶

12).  Plaintiff claims that the Borough of Freemansburg permits and tolerates the

excessive use of force by officers.

Following discovery, Defendants have articulated a number of undisputed material

facts which are supported by the record and conflict with the allegations submitted in the

Complaint.  Specifically, on May 16, 2008, Plaintiff Castro-Diaz was operating a Toyota

pickup truck registered to Israel Espinosa when it was stopped at 9:37 a.m. by Officer

Kovalovsky for traveling at 60 mph in a 45 mph zone, during a rain storm without

headlights.  (Doc. No. 31 at ¶¶ 7-10, Exhibit "B"; Exhibit "J" at ¶ 3).[9]  Plaintiff's female

companion informed the officer that she was the daughter of the vehicle's owner.[10]  (Doc.

No. 31 at ¶ 13).  Officer Kovalovsky performed a check of Castro-Diaz's Puerto Rico

I.D. card, discovered that he did not have a driver's license, and issued him a citation for

driving without a license.  (Doc. No. 31 at ¶¶ 14-17, Exhibit "B").

Although Plaintiff's claim that the officer damaged the Nissan Truck when he

pulled them over, the City of Bethlehem's accident report shows that the Nissan truck

---

[8] Plaintiff Castro-Diaz stated under oath that it was he who called Mr. Espinosa (Exhibit "F" at ¶ 33), while Plaintiff
Hernandez stated that she called Mr. Espinosa on the day of the incident.  (Exhibit "G" at ¶ 22).

[9] Exhibit "B" is the traffic citation issue by Officer Kovalovsky on May 16, 2008, for driving without a license.
Exhibit J is Chief George Bruneio's affidavit, which states, in paragraphs 12-13, that Northampton County kept a
record of the incident call stopping Plaintiffs' car and the Department of Transportation kept a record of the license
check.  These events occurred on May 16, 2008.

[10] The Complaint alleges that the female passenger was Mr. Castro-Diaz's wife. (Complaint at ¶ 2).

was involved in an auto-accident on June 3, 2008 when it ran into a parked unoccupied vehicle.  (Exhibit "D").  Additionally, a July 25, 2008 receipt from the Fast Lane Towing and Transport Company, shows that a Nissan Truck was towed, not a Toyota.  (Doc. No. 31 at ¶¶ 23-24, Exhibit "C"; Exhibit "J" at ¶ 16).[11]  Further, Officer Kovalovsky was not working on July 25, 2008, when the Plaintiffs claim he ran them off the road.  (Doc. No. 31 at ¶ 27; Exhibits "H"; Exhibit "J" at ¶ 18).[12]  There is no record of any officer from the Freemansburg Police having contact with Plaintiffs on June 25, 2008. (Doc. No. 31 at ¶ 43).[13]

## II.    Standard

Local Civil Rule 7.1(c) provides, in relevant part:

> any party opposing the motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief.  In the absence of timely response, the motion may be granted as uncontested except that a summary judgment motion, to which there has been no timely response, will be governed by Fed. R. Civ. P. 56(c).

When a summary judgment motion is uncontested, the non-responding party does not lose the summary judgment motion by default.  Instead, where a movant has the burden of proof and a non-movant does not respond to a motion at all, a district court must still find that summary judgment is "appropriate" under Fed. R. Civ. P. 56(c) by determining that the facts specified in or connection with the motion entitle the moving party to

---

[11] Exhibit "C" is the receipt from Fast Lane.

[12] Exhibit "H" – June 14, 2008 memorandum from Kevin Kovalovsky to Chief Bruneio requesting vacation days from July 1, 2008 to July 26, 2008.

[13] Additionally, Officer Kovalovsky's vehicle was given to the Freemansburg Fire Department some time after July 25, 2008, and had no damage consistent with a collision described by Plaintiffs.  (Doc. No. 31 at ¶ 41-42).

judgment as a matter of law.[14]  <u>Anchorage Assoc. v. Virgin Islands Bd. of Tax Review</u>, 922 F.2d 168, 175 (3d Cir. 1990).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" when "a reasonable jury could return a verdict for the nonmoving party" based on the evidence in the record.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A factual dispute is "material" when it "might affect the outcome of the suit under the governing law."  <u>Id.</u>

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial <u>Celotex</u> burden can be met simply by demonstrating to the district court that "there is an absence of evidence to support the non-moving party's case."  <u>Id.</u> at 325.  After the moving party has met its initial burden, the adverse party's response must cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1). Summary judgment is therefore appropriate when the non-moving party fails to rebut by

---

[14] <u>See also</u> <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991)("To grant a motion for summary judgment, or a motion to dismiss, without any substantive analysis, purely because the non-moving party failed to respond is often (although not invariably) improper.")

making a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Under Rule 56 of the Federal Rules of Civil Procedure, the court must draw "all justifiable inferences" in favor of the non-moving party. Anderson, 477 U.S. at 255. If the non-moving party has produced more than a "mere scintilla of evidence" demonstrating a genuine issue of material fact, then the court may not credit the moving party's "version of events against the opponent, even if the quantity of the [moving party's] evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III.   Discussion

The United States Supreme Court has held that, for purposes of the statute of limitations, actions under 42 U.S.C. §1983 are classified as claims for personal injuries. The Court ruled that the state law statute of limitations for personal injury would therefore apply in §1983 claims. Wilson v. Garcia, 105 S.Ct. 1938, 1944-1947, 1949 (1985); Wallace v. Kato, 549 U.S. 384, 387 (2007). Additionally, in Kost v. Kozakiewicz, the Third Circuit Court of Appeals held that Pennsylvania's two year statute of limitations, codified at 42 Pa. C.S.§5524, applies to claims for violation of constitutional rights pursuant to 42 U.S.C. §1983. 1 F.3d 176, 189-190 (3d Cir. 1993).

Here, the cause of action accrued on the date that Officer Kovalovsky pulled over the Plaintiffs. The evidence clearly indicates that this incident occurred on May 16, 2008. Therefore, the statute of limitations for Plaintiffs' claims ran on May 16, 2010.

Plaintiffs filed their Writ of Summons in Northampton County on June 25, 2010 (No. C48CV-2010-4886) and subsequently filed their Complaint on January 4, 2011.  (Doc. No. 31 at ¶ 1-2).  These filings were made after the limitations period had run.

Further, it is Plaintiffs burden to show that they have complied with both Rule 4(m) and 15(c) of the Federal Rules of Civil Procedure.  Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993) (citing 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987)).  Plaintiffs have failed to respond to the motion and, therefore, Plaintiffs have failed to prove that they have filed their claims within the limitations period.[15]

## IV.    Conclusion

For the foregoing reasons, I will grant the Defendants' uncontested motion for summary judgment.

An appropriate Order follows.

---

[15] Because Plaintiffs failed to comply with the limitation period, I will not examine the merits of the individual claims.  However, based on the evidence in the record and Plaintiffs' failure to respond, Plaintiffs' claims would fail.  Plaintiffs' claims (Counts 1, 5, and 9) that Officer Kovalovsky lacked probable cause are unsupported by the record that Plaintiffs were speeding during a rainstorm without using headlights, which constitutes probable cause to stop a car.  See Whren v. United States, 517 U.S. 806, 810 (1996) (holding that "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred").

Additionally, there is no evidence in the record to support the excessive force claims (Counts 3, 4, 7, 8, 11, and 12).  The Plaintiffs offer no support, beyond their own testimony, to corroborate the claims and many statements in those depositions conflict with one another.  See Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989) (stating that an opponent of summary judgment cannot rely upon unsupported assertions, conclusory allegations, or mere suspicions to create a disputed issue); see also Solomon v. Society of Automotive Engineers, 41 Fed. Appx. 585, 2002 U.S. App. LEXIS 15321, at *3-4 (3d Cir. 2002) (affirming district court's conclusion that plaintiff failed to establish a prima facie case of reverse gender discrimination because the only evidence in support of his claims that women received preferential treatment and that his supervisor was hostile towards men in general was his own testimony).  Finally, Plaintiffs' Monell claims against the Borough are also unsupported by the record.  Therefore, there is simply an absence of a genuine issue of material fact with respect to whether the Borough had a policy or custom, which caused Plaintiffs' injuries.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000), cert. denied, 531 U.S. 1072 (2001).